BEN I. ROBINSON *vs.* PURITAN STORES, INC. *et al.*

FEBRUARY 18, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Corporations. Promotors. Agency.*

Prospective incorporators are without authority to bind a corporation prior to its organization.

*(2) Expert Evidence.*

Where an expert witness had testified that he had heard the testimony of a witness as to the amount of work performed by him, question "using the testimony that he gave as a basis what would you consider a fair charge for the services which he rendered?", was properly admitted within the rule which leaves to the discretion of the court a question, which assumes the truth of testimony given by a single witness when the facts stated in such testimony are simple.

*(3) Corporations. Promotors. Contracts. Assumption of Debt.*

Requests to charge based upon the contention that if plaintiff had a claim against defendant which was assumed by a corporation after that corporation was organized, then by reason of such assumption plaintiff lost his right of action against defendant and that if the corporation upon its organization took over the assets and assumed the liabilities of defendant, then plaintiff could not recover in instant case against defendant and that if some of the work which plaintiff performed was done after the organization of the corporation and plaintiff had been informed by defendant that the work was being done for a corporation to be formed then plaintiff could not recover in this action, were properly denied.

ASSUMPSIT. Heard on exceptions of defendant copartnership and overruled.

SWEETLAND, C. J.  This is an action of the case in assumpsit to recover for services alleged to have been rendered by the plaintiff to the defendants.

The case was tried before a justice of the Superior Court sitting with a jury.  At the conclusion of the plaintiff's evidence the justice directed a verdict in favor of the Puritan Stores, Inc., and the trial proceeded against the defendants Benjamin Berman, alias John Doe, and Lewis Berman, alias Richard Roe, doing business as A. Berman & Son.  The jury returned a verdict against the copartnership.  The defendants, A. Berman & Son, duly filed a motion for new trial which was denied by said justice.  The case is before us upon the exceptions of the defendants, A. Berman & Son, to the denial of their motion for new trial and upon certain other exceptions to rulings of the justice made in the course of the trial.

The evidence warranted the following findings of fact by the jury.  The plaintiff is a certified public accountant. The defendants, A. Berman & Son, owned a number of retail stores and were about to organize a corporation under the name of the Puritan Stores, Inc. to take over and operate said stores.  They desired to have a system of accounts prepared to be used by the proposed corporation when organized and Lewis Berman representing the copartnership engaged the plaintiff to prepare such a system of accounts. In accordance with that engagement the plaintiff proceeded to perform the services which are the subject of this action.

(1) The action of the justice in directing a verdict in favor of the defendant corporation was without error.  The prospective incorporators are without authority to bind a corporation prior to its organization.

We find no error in the decision of the justice approving the verdict of the jury upon the motion for new trial.

(2) The defendants rely upon the exception to the ruling of the justice permitting an expert witness to answer the question, "Using the testimony that he gave as a basis, what would you consider a fair charge for the services which

he rendered?". The witness had testified that he had heard the testimony which the plaintiff had just given on the stand as to the amount of work performed by him under his employment by the defendants. In considering an exception to a similar question this court in *Henderson* v. *Dimond*, 43 R. I. 60, at 67 and 68, overruled the exception but said that the use of such questions to experts should not be encouraged and that the better practice would be that counsel in asking for the opinion of an expert, who does not testify from his own observation, should be required to set forth specifically in the question the facts assumed to be true. The court in that case did, however, follow the practice, supported by the authorities stated in the opinion, of leaving to the discretion of the justice presiding at the trial the propriety of a question which assumes the truth of testimony given by a single witness when the facts stated in such testimony are simple. The exception before us must be governed by our decision in *Henderson* v. *Dimond*, without giving encouragement to the extension of the practice beyond circumstances similar to those appearing in that case.

The three requests of the defendant copartnership for instruction to the jury which were refused by said justice (3) are based upon the contention that if the plaintiff had a claim against A. Berman & Son which was assumed by the Puritan Stores, Inc. after that corporation was organized, then by reason of such assumption the plaintiff lost his right of action against A. Berman & Son; and that if the Puritan Stores, Inc., upon its organization, took over the assets and assumed the indebtedness of A. Berman & Son, then the plaintiff could not recover in this action; and that if some of the work which the plaintiff performed was done after the organization of the corporation, and the plaintiff had been informed by Lewis Berman that the work was being done for a corporation to be formed, then the plaintiff could not recover in this action. The exceptions of the defendants to the refusal of the justice to so charge are overruled.

All of the exceptions of the defendant copartnership are overruled and the case is remitted to the Superior Court with direction to enter judgment upon the verdicts.

*J. C. Semonoff*, for plaintiff.

*Ira Marcus*, for defendants, A. Berman & Sons.